UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN LLOYD POOLE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LABORATORY CORPORATION OF AMERICA,<br><br>　　　　　Defendant. | Case No. 1:21-cv-01805-KES-CDB<br><br>ORDER ON PLAINTIFF'S DISMISSAL OF CLASS ACTION CLAIMS PURSUANT TO RULE 41(a)(1)(A)(ii) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 37)<br><br><u>Clerk of the Court to Update Docket</u> |

　　　　On September 29, 2021, Plaintiff Brian Lloyd Poole ("Plaintiff") filed an unverified putative class action complaint in Kern County Superior Court. (Doc. 1-A). Defendant Laboratory Corporation of America ("Defendant") removed the action to this Court on December 23, 2021. (Doc. 1).

　　　　On April 20, 2020, Jose Bermejo filed a putative wage and hour class action against Defendant in the U.S. District Court for the Central District of California (Case Number 2:20-cv-05337-DMG-SK). On June 4, 2020, Bermejo filed a Private Attorneys General Act ("PAGA") representative action against Defendant in Los Angeles Superior Court (Case Number 20STCV21106)

　　　　On February 28, 2022, a settlement was reached in the *Bermejo* matters. (Doc. 33). On

1  May 26, 2022, the Court stayed the instant matter pending finalization of the *Bermejo* settlement.
2  (Doc. 12).  The settlement in *Bermejo* was preliminarily approved on March 21, 2023, and finally
3  approved on June 7, 2024, with disbursement of funds on July 15, 2024.  Plaintiff was the only
4  individual to opt out of the *Bermejo* settlement.  Plaintiff currently pursues this action on an
5  individual basis.  (*See* Doc. 33).

6  Pending before the Court is the parties' stipulation to dismiss the class claims without
7  prejudice.  (Doc. 37).  The parties' stipulation of dismissal comports with the requirements of
8  Fed. R. Civ. P. 41(a)(1)(A)(ii).  In a class action, however, court approval of dismissal may be
9  required under Rule 41(a)(2) if the class has been certified.  Specifically, Rule 23(e) provides that
10 any claims arising out of either a (1) "certified class" or (2) "class *proposed to be certified for*
11 *purposes of settlement* ... may be settled, voluntarily dismissed, or compromised only with the
12 court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

13 In this case, the parties jointly seek to dismiss the putative class claims under Rule
14 41(a)(1) without prejudice.  (Doc. 37).  Plaintiff has not amended his complaint and no class has
15 been certified.  Moreover, Plaintiff has not sought certification, nor has certification been
16 proposed for purposes of settlement.  Because no class has been certified in this case, and because
17 any dismissal would not affect putative class members' possible claims, Rule 23(e) does not
18 mandate either Court approval of the parties' disposition or notice to putative class members. *See*
19 *Titus v. BlueChip Financial*, 786 Fed. Appx. 694, 695 (9th Cir. 2019) (unpublished) (citing
20 *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d
21 920, 924 (9th Cir. 2007)).
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

In light of the parties' filing, the Court finds that Rule 23(e) does not require the Court's approval of the dismissal of the class claims.  The class claims shall be terminated by operation of law without further order of the Court.  *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077-78 (9th Cir. 1999).

Accordingly, the Clerk of the Court is DIRECTED to adjust the docket to reflect (1) dismissal without prejudice only as to Plaintiff's claims of the putative class pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and (2) that Plaintiff proceeds on his claims as an individual only.

IT IS SO ORDERED.

Dated:   **September 6, 2024**                                    _____
UNITED STATES MAGISTRATE JUDGE